UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY TIELKE and <br> MELISSA ANNE TIELKE <br> <br> *Plaintiffs,* <br> <br> v. <br> <br> THE BANK OF NEW YORK <br> MELLON, AS TRUSTEE FOR <br> CWABS, INC., ASSET-BACKED <br> CERTIFICATES, SERIES 2003-3, <br> NATIONSTAR MORTGAGE, LLC <br> AND BARRETT DAFFIN FRAPPIER <br> TURNER & ENGEL, LLP <br> <br> *Defendants.* | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:17-CV-2609 |

### BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP'S
### MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant BARRETT DAFFFIN FRAPPIER TURNER & ENGEL, LLP (hereinafter "Barrett Daffin"), files this Motion to Dismiss in response to Plaintiffs' Original Petition ("Complaint") [Doc. 1-3]. In support of the foregoing, Barrett Daffin would respectfully show the Court the following:

### I.
### SUMMARY

1. Barrett Daffin is a law firm that was retained by Defendant Nationstar Mortgage, LLC ("Nationstar") to assist in the foreclosure of certain real property commonly known as 3919 Flintrock Court, Sugar Land, Texas 77479 ("Property").

2. Plaintiffs Timothy Tielke and Melissa Anne Tielke brought this lawsuit in an effort to delay and prevent foreclosure of the Property. However, no claims have been asserted

against Barrett Daffin that arise out of any conduct other than the law firm's legal representation of its clients, in protecting the client's interest in the Property vis-à-vis the interest of Plaintiffs. Plaintiffs' Complaint is devoid of any actions taken by Barrett Daffin that would subject the law firm to liability for conduct outside of its scope of representation of Nationstar in relation to Nationstar's efforts at foreclosure of the Property.

3.  <u>Attorney Immunity.</u>  Plaintiffs have failed to assert any claims against Barrett Nationstar and BONY that arise out of alleged conduct of Barrett Daffin outside of its capacity as legal counsel for Nationstar and BONY.  Given that attorneys are immune from suit by a client's adversary for the legal services provided to the client in the adversarial process, Barrett Daffin asserts that Plaintiffs have failed to state any claim upon which relief can be granted against Barrett Daffin.

4.  <u>FDCPA Claims Fail.</u>  Separate and apart from Barrettt Daffin's entitlement to protection from suit pursuant to attorney immunity, Plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claim against Barrett Daffin fail as a matter of law.

5.  <u>Background Facts.</u>  In 2003, Plaintiffs Timothy Tielke and Melissa Anne Tielke obtained a home equity loan from Full Spectrum Lending, Inc. and executed of a security instrument ("HESI"), which secured repayment of the Note by placing a lien on the Property. See Plaintiff's Petition ("Complaint") ¶ 1.  Plaintiffs' complaint alleges issues from servicing of their loan in and after bankruptcy, application of payments, implication of forced placed insurance, loss mitigation activities, credit reporting and other servicing issues related to their loan. Plaintiffs take issue with Barrett Daffin only in connection with the law firm's sending foreclosure notices on behalf its clients, Nationstar and BONY.  *See* Complaint at ¶6. It is solely in connection with Barrett Daffin's assistance with foreclosure (the sending of notice of Default

and Intent to Acceleration and Notice of Acceleration) that Plaintiffs have brought a FDCPA claim against Barrett Daffin.

## III.
## ARGUMENT AND AUTHORITIES

**A. The Applicable Standard for a 12(B)(6) Motion**.

6. To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 and 1966 n.5 (2007). Even though the complaint is to be construed liberally and in the light most favorable to the nonmoving party, a plaintiff must plead enough facts to state a claim that is at least plausible on its face. *Id.* at 1973-74. Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). A complaint must allege enough facts to move past possibility and on to plausibility of "entitlement to relief." *Id*. at 1966. This standard is referred to as the "flexible plausibility standard." *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

**B. Barrett Daffin is Immune from Suit on the Grounds of Attorney Immunity**.

7. Barrett Daffin was retained as legal counsel to assist Ditech with the foreclosure of the Property and to protect Ditech's interest in the Property compared to the interest of Plaintiffs. Plaintiffs even concede they were informed that, "[Barrett Daffin] stated that it was representing Ditech as the Mortgage Servicer of the Note and Deed of Trust, and that Ditech was also the Mortgagee." *See, Plaintiff's First Amended Complaint*, p. 9 [Doc. 5]. Barrett Daffin is immune from suit because, in general, attorneys are immune from suit by their client's

adversaries for conduct undertaken in their capacity as attorneys. An attorney enjoys "qualified immunity," with respect to non-clients, for actions taken in connection with representing a client in adversarial circumstances. *See, e.g.*, *Butler v. Lilly*, 533 S.W.2d 130, 131-34 (Tex. Civ. App.—Houston [1st Dist.] 1976, writ dism'd); *See also, Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 408 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (affirming trial court's dismissal of claims against attorney on ground that because of attorney's immunity from suit, plaintiff failed to allege a claim or plead a cause of action for which relief could be granted). The purpose of the attorney-immunity defense is to ensure " 'loyal, faithful, and aggressive representation by attorneys employed as advocates.' " *Id.* (quoting *Mitchell v. Chapman*, 10 S.W.3d 810, 812 (Tex. App.–Dallas 2000, pet. denied)). *Rogers v. Walker,* 2017 WL 3298228 (Tex. App. - Beaumont, August 3, 2017).

8.  Based on an overriding public policy, Texas courts have consistently held that an opposing party "does not have a right of recovery, **under any cause of action,** against another attorney arising from the discharge of his duties in representing a party…" *Taco Bell Corp. v. Cracken*, 939 F. Supp. 528, 532 (N.D. Tex. 1996) (emp. in the original). Attorneys have an absolute right to "practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages." *Kruegel v. Murphy*, 126 S.W. 343 (Tex. Civ. App.—Dallas, 1910, writ ref'd). To have any other rule or standard would "act as a severe and crippling deterrent to the ends of justice for the reason that a litigant might be denied a full development of his case if his attorney were subject to the threat of liability for defending his client's position to the best and fullest extent allowed by law, and availing his client of all rights to which he is entitled." *Bradt v. West*, 892 S.W.2d 56, 71 (Tex. App.— Houston [1st Dist.] 1994, writ denied).

9. The Texas Supreme Court's opinion in *Cantey Hanger, LLP v. Byrd* confirmed a long line of well-reasoned cases that stand for the proposition that regardless of whether an attorney's work is merit-filled or defective (or performed in litigation or transactional work), if the work constitutes the performance of legal services on behalf of a client then the lawyer is immune liability from third parties in connection with such work.[1] *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d at 483 (Tex. 2015).

10. The Fifth Circuit has repeatedly echoed the Texas Supreme Court's holding in *Cantey Hanger* as reflected by the Fifth Circuit's repeated affirmance of 12(b)(6) dismissals of counsel, such as Barrett Daffin, from cases similar to this matter.[2] Recently, the Fifth Circuit more closely examined the opinion of *Cantey Hanger,* and, in analyzing a law firm's conduct in *Troice*, the Fifth Circuit recognized that the conduct complained of was, "[T]he kind of conduct in which an attorney engages when discharging his duties to his client." *Troice v. Proskauer Rose, LLP,* 816 F.3d 341, 346 (5th Cir. 2016). The Fifth Circuit went on to provide, "The immunity focuses on the type of conduct, not on whether the conduct was meritorious in the context of the underlying lawsuit." *Id.* at 349 (quoting *Alpert v. Crain, Caton & James, PC*, 178

---

[1] Also see, *Rawhide Mesa-Partners, Ltd. v. Brown McCarroll, LLP*, 344 S.W.3d 56, 62 (Tex. App.—Eastland 2011, no pet.) (in a business transaction, attorney not ordinarily liable to non-clients because such liability would threaten zealous representation); *Dixon Fin. Servs., Ltd. v. Greenberg, Peden, Siegmyer & Oshman, P.C.,* 2008 WL 746548, *9–11 (Tex. App.--Houston [1st Dist.] Mar. 20, 2008, pet. denied) (mem. op.) (applying attorney immunity to actions both prior to and during litigation); *Reagan Nat'l Adver. of Austin, Inc. v. Hazen,* 2008 WL 2938823, at *2 (Tex. App.--Austin July 29, 2008, no pet.) (mem. op.) (noting that attorney immunity is not limited to litigation conduct); *See also McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 794 (Tex. 1999)(explaining that the concept of adversity is not limited to litigation because "[t]he same policy considerations apply to business and commercial transactions.").

[2] *Johnson v. Ashmore*, 681 Fed. Appx. 345 (5th Cir. 2017)(finding attorney immunity applies to actions of attorney in representing her client in non-litigation context); *Rojas v. Wells Fargo Bank, N.A.,* 571 Fed. Appx. 274 (5th Cir. 2014)(Barrett Daffin Frappier Turner & Engel, L.L.P. was dismissed as improperly joined because attorneys are generally immune from suits brought under Texas law against them by their adversaries if the action arises out of the duties involved in representing a client); *L'Amoreaux v. Wells Fargo Bank, N.A.*, 755 F.3d 748 (5th Cir. 2014)(Barret Daffin dismissed on ground of attorney immunity); *Iqbal v. Bank of America, N.A.*, 559 Fed. Appx. 363 (5th Cir. 2014)(dismissing Barrett Daffin on ground of attorney immunity as they were retained to assist in the foreclosure, and the actions complained of were within the scope of their representation).

S.W.3d 398 (Tex. App. – Houston, [1ˢᵗ Dist. 2005, pet. denied). In addressing the allegation that liability should flow from legal work performed without merit, the Fifth Circuit held "That some of it [the work] was allegedly wrongful, or that [the lawyer] allegedly carried out some of his responsibilities in a fraudulent manner, is of no matter." *Id.* at 348 (emp. added)(relying on the Texas Supreme Court in *Cantey Hanger, LLP v. Byrd,* 467 S.W.3d 477 (Tex. 2015).

11. In its final analysis, the Fifth Circuit focused on whether the conduct complained of was legal in nature. If the work performed by an attorney is legal in nature then the attorney who performed the work is immune from suit by third parties as a result of the work.

> The policies underlying the attorney immunity doctrine, as the Texas Supreme Court has explained, suggest that attorney immunity should be an immunity from suit. *Cf. Sorey,* 849 F.2d at 963. The doctrine "stem[s] from the broad declaration ... that 'attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages.' " *Cantey Hanger,* 467 S.W.3d at 481 (quoting *Kruegel v. Murphy,* 126 S.W. 343, 345 (Tex. App. –Dallas 1910, writ ref'd)). In other words, the doctrine is "intended to ensure 'loyal, faithful, and aggressive representation by attorneys employed as advocates.' " *Id.* (quoting *Mitchell v. Chapman,* 10 S.W.3d 810, 812 (Tex. App.–Dallas 2000, pet. denied)). Attorney immunity is necessary "to avoid the inevitable conflict that would arise if [an attorney] were 'forced constantly to balance his own potential exposure against his client's best interest.' " *Id.* at 483 (quoting *Alpert v. Crain, Caton & James, PC,* 178 S.W.3d 398, 405 (Tex. App.–Houston [1st Dist.] 2005, pet. denied)).

*Troice v. Proskauer Rose, LLP,* 816 F.3d at 346.

12. Even if Barrett Daffin's legal representation of Nationstar and BONY was somehow flawed, attorney immunity generally applies even if conduct is improper in the context of the underlying matter. *See Renfroe v. Jones & Assocs.*, 947 S.W.2d 285, 288 (Tex. App.— Fort Worth 1997, writ denied) ("Under Texas law, attorneys cannot be held liable for wrongful litigation conduct."). An attorney's conduct, even if frivolous, negligent or without merit, is not independently actionable (apart from, of course, potential court reprisal) if the conduct is part of the discharge of the lawyer's duties in representing his client. *See generally*, *Chapman*

*Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 441 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (attorney's conduct in disbursing funds to trusts under terms of a settlement agreement, not actionable, even if frivolous or without merit, as conduct was part of discharging duties in representing client); *Bradt v. West*, 892 S.W.2d 56, 71-74 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

13. In simplest terms, attorneys have a right to "practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages." *See Kruegel v. Murphy*, 126 S.W. 343 (Tex. Civ. App.—Dallas 1910, writ ref'd). To have any other rule or standard would "act as a severe and crippling deterrent to the ends of justice for the reason that a litigant might be denied a full development of his case if his attorney were subject to the threat of liability for defending his client's position to the best and fullest extent allowed by law, and availing his client of all rights to which he is entitled." *Bradt*, 892 S.W.2d at 71.

14. As illustrated above, Texas has a strong public policy of protecting attorneys against the claims of third parties in an effort to facilitate zealous legal representation. Barrett Daffin's conduct on behalf of Nationstar and BONY does not expose Barrett Daffin to liability to a third party such as Plaintiffs. As such, Plaintiffs have failed to assert any cause of action against Barrett Daffin upon which Plaintiffs could conceptually obtain relief.

C. **Plaintiffs Fail to State a Claim for Violation of Federal Debt Collection Practices Act**

15. Even if attorney immunity did not shield Barrett Daffin from liability herein, Plaintiffs' FDCPA claim against Barrett Daffin fails as a matter of law. Plaintiffs alleged that Barrett Daffin acted in violation of 15 U.S.C. §1692g(6)(A), by "taking non-judicial action to effect dispossession of property when there was no present right to possession of the property claimed as collateral through an enforceable security instrument."[3] Plaintiffs' allegations as to Barrett Daffin center solely upon Barrett Daffin's action, taken on behalf of its client, Nationstar and BONY, in conducting foreclosure of the Property. Barrett Daffin is not a debt collector and therefore, not subject to liability under the FDCPA. Plaintiffs do not allege that Barrett Daffin sought to collect a debt and do not plead and/or have facts sufficient to support that (1) Barrett Daffin's acted as a debt collector herein and even if Plaintiffs could establish Barrett Daffin acted as a debt collector, that (2) any of Barrett Daffin's actions, in representing its foreclosure client, amounted to a violation of the Fair Debt Collection Practices Act.

16. First, Barrett Daffin is not a debt collector, as defined by the FCDPA. The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "The statute contains two categories of debt collectors, those who collect debts as their 'principal purpose,' The term 'debt collector' does not include lenders[,] . . . the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Gipson v. JP Morgan Chase*, No. 3:13-CV-2477-L, 2013 WL 3746003, at *2 (N.D. Tex. July 17, 2013).

---

[3] *See* Plaintiffs' Petition at ¶21 [Doc. 1-3].

17. Herein, Plaintiffs fail to allege that Barrett Daffin was either engaged (1) in any business the principal purpose of which [was] the collection of any debts, or (2) that Barrett Daffin regularly collected or attempted to collect debts. *See* 15 U.S.C. § 1692a(6). Plaintiffs' FDCPA claim therefore fails under the applicable pleading standards and is subject to dismissal. *See Martinez-Bey v. Bank of America, N.A.*; 2013 WL 3054000 (N.D. Tex. June 18, 2013).

18. Second, the FDCPA supports the position that the enforcement of a security instrument is not debt collection. *See e.g., Prophet v. Joan Myers, Meyers & Assoc's., P.C.*, 645 F.Supp. 2d 614 (S.D. Tex. 2008) (enforcement of a security instrument is not debt collection for purposes of the FDCPA); *Bergs v Hoover, Bax, Slovacek. L.L.P.,* No. 3:01-CV-1572-L, 2003 WL 22255679 (N.D. Tex. 2003) (granting summary judgment on claim for violation of the federal Fair Debt Collection Practices Act (FDCPA), arising out of a foreclosure sale because the foreclosure proceeding did not constitute the collection of a debt) (overruled on other grounds, *Kaltenbach v. Richards,* 464 F.3d 524 (5th Cir. 2006). Federal courts have uniformly held that the FDCPA does not support a claim against foreclosing lenders because foreclosing lenders are not engaged in "debt collection" within the meaning of the Act. *Norris v. Fairbanks Capital Corp.*, 178 Fed. Appx. 401, 403 (5th Cir. 2006); *Brumberger v. Sallie Mae Serv. Corp.*, 84 Fed. Appx. 458, 459 (5th Cir. 2004); *Diessner v. Mortg. Elec. Regis. Sys.*, 618 F. Supp. 2d 1184 (D. Ariz. 2009); *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007).

19. Barrett Daffin's actions, taken in furtherance of enforcement of the security instrument only, as complained of by Plaintiffs do not give rise to liability under the FDCPA and should therefore be dismissed with prejudice.

*Defendant BDF's Motion to Dismiss*
H610-1734/ TIELKE                                                                                                         PAGE 9

## IV.
## DISMISSAL WITH PREJUDICE

20. The Court should deny Plaintiffs an opportunity to amend because any amendment to their pleadings would be futile. *See SB. Intern., v. Jindal,* 2007 WL 2410007, * at 3 (N.D. Tex. Aug. 23, 2007)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Abruzzo v. PNC Bank, N.A.,* 2012 WL 3200871, at *3 (N.D. Tex. July 30, 2012) (denying leave to amend with respect to claims that fail as a matter of law). Plaintiffs' allegations do not give rise to a plausible cause of action against Barrett Daffin as qualified attorney immunity protects the law firm from liability. Even if all facts alleged by Plaintiffs are assumed true, no viable cause of action exists against Barrett Daffin as Plaintiffs have not pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Barrett Daffin's Motion to Dismiss should be granted because the Plaintiffs have failed to state a claim against Barrett Daffin upon which relief can be granted. Specifically, the Petition fails to present any factual allegations that would give rise to actionable conduct under the FDCPA by Barrett Daffin. As such, Plaintiff's claims against Barrett Daffin should be dismissed with prejudice pursuant to Rule 12(b)(6).

## V.
## PRAYER

Pursuant the reasons set out herein, Barrett Daffin respectfully request that the Court dismiss Plaintiffs' Complaint against it for failure to state a claim upon which relief can be granted and further requests that the Court grant it any and all additional relief, whether at law or in equity, to which it may be justly entitled.

Respectfully Submitted,

**HOPKINS LAW, PLLC**

*/s/ Mark D. Hopkins*

**Mark D. Hopkins**, *Attorney in Charge*
State Bar No. 00793975
Southern District ID No. 20322
**Shelley L. Hopkins**
State Bar No. 24036497
Southern District ID No. 926469
3809 Juniper Trace, Suite 101
Austin, Texas 78738
(512) 600-4320
(512) 600-4326—Facsimile
mark@hopkinslawtexas.com
shelley@hopkinslawtexas.com

ATTORNEYS FOR BARRETT DAFFIN
FRAPPIER TURNER & ENGEL, LLP

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

Lu Ann Trevino
The Trevino Law Firm
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
**Attorneys for Plaintiff**

Leslie Fisher
McQuire Woods, LLP
2000 McKinney Avenue
Suite 1400
Dallas, TX 75201
Attorney for Nationstar

  */s/ Mark D. Hopkins*
Mark D. Hopkins