IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIMOTHY TIELKE AND MELISSA ANN TIELKE § § § | |
| VS. § | CA NO.: 4:17-CV-02609 |
| § | |
| THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2003-3, NATIONSTAR MORTGAGE, LLC, AND BARRETT, DAFFIN, FRAPPIER, TURNER & ENGEL, LLP § § § § § § § § | |

**FIRST AMENDED COMPLAINT**

This action concerns violations of the Fair Debt Collection Practices Act and Texas Debt Collection Act. 15 U.S.C. § 1692 and Texas Finance Code § 392.202 *et seq*. and § 392.303(a)(2).

**Parties**

1.  Plaintiff, TIMOTHY TIELKE, individual, who is a citizen of the United States of America and is a citizen of Texas who resides in Sugar Land, Fort Bend County, Texas where his causes of action against the Defendants arose.

2.  Plaintiff, MELISSA ANN TIELKE, individual, who is a citizen of the United States of America and is a citizen of Texas who resides in Sugar Land, Fort Bend County, Texas where her causes of action against the Defendants arose.

3.  Defendant, THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2003-3 (Bank of New York), is a New York foreign financial institution doing business in the State of Texas and has already appeared in this matter.

4.  Defendant, NATIONSTAR MORTGAGE, LLC (Nationstar), is Delaware limited liability company doing business in the State of Texas and has already appeared in this matter.

1

5.     Defendant, BARRETT, DAFFIN, FRAPPIER, TURNER & ENGEL, LLP (BDFT&E), is Texas limited liability partnership and has already appeared in this matter.

## Jurisdiction

6.     This Court has jurisdiction to hear and determine these claims based on federal question. 28 U.S.C. § 1331. This Court has supplemental jurisdiction over state-law claims. 28 U.S.C. § 1367(a).

## Venue

7.     Venue is properly laid in this judicial district pursuant to the provisions of 28 U.S.C. § 1391(b)(2).

## Background Facts

8.     In 2003, Mr. & Mrs. Tielke obtained a home equity mortgage secured by real property identified as SETTLERS GROVE SEC 1, BLOCK 6, LOT 14, Fort Bend County, Texas and more commonly known as 3919 Flintrock Court, Sugar Land, Texas 77479. At some point Countrywide began servicing the loan. Later BAC Home Loans Servicing, LLC serviced the loan until July 1, 2011 when Bank of America, N.A. (BANA) took over those duties.

9.     The Tielkes were plagued by accounting and factual errors by all of the loan servicers over the years. Plaintiffs filed Chapter 13 bankruptcy 2005 and, as part of the plan, they re-affirmed their mortgage and continued to pay $670.62 per month.  The plan also called for monthly payments of $37.00 to satisfy an allegedly existing arrearage of $ 2,080.00 on the mortgage. Plaintiffs were discharged from bankruptcy in April 2011.   BANA erroneously claimed Plaintiffs were in arrears due to BAC's failure to update its account documents to show that Tielkes had been discharged from bankruptcy.

10.    As of May 23, 2011, BAC/BANA stated the monthly payment due was $670.62 with an

escrow amount of $0.01, and $100.59 in outstanding late charges without explanation of the reason for those charges. Plaintiffs paid according to the monthly statements in June and July 2011.

11. In July 2011, BAC/BANA erroneously obtained force placed homeowner insurance on the property. Tielke provided copies of the declaration pages to BAC/BANA on numerous occasions, but BAC/BANA refused to reverse the charge for the force placed insurance. Also in July 2011, BAC/BANA re-calculated the escrow account for the mortgage using the unnecessary insurance premium as part of the projected increase, raising the monthly payments to $1,451.43. Plaintiffs attempted to resolve the matter with Defendant and continued to pay $670.62, the amount which was not in dispute. BAC/BANA accepted the payments, but applied them to months out of sequence or to suspense account.

12. In response to these actions, Tielkes filed suit against BANA on November 30, 2011 for violations of the FDCPA. BANA timely removed to federal court. See Exhibit 1, p.1, #1.

13. While the Tielkes' suit was in progress, Defendant, BDFT&E, on behalf of BANA, gave Notice of Default and Intent to Accelerate by letter dated February 21, 2012. See Exhibit 2. BDFT&E then gave notice of BANA'S acceleration of the maturity of the debt by letter dated March 22, 2012. See Exhibit 3.

14. BANA filed a Motion for Summary Judgment which was granted on July 12, 2013. See Exhibit 1, p. 3, #19. Tielkes timely appealed to the Fifth Circuit Court of Appeals on the basis of disputed facts, *i.e.*, accuracy of the alleged debt. The judgment of the district court was reversed and remanded on September 29, 2014. See Exhibit 1, p. 3, #25. On remand, the case was dismissed with prejudice on February 12, 2015. See Exhibit 1, p. 3, #31.

15. Defendant, Nationstar, a third party debt collector, began servicing the mortgage in late 2012 while the payments were allegedly in default. As part of its duties as mortgage servicer,

Nationstar was required to make accurate reports to the various credit reporting agencies and to make corrections when debtors such as the Tielkes made written disputes of any inaccuracies. Nationstar failed to perform any of its statutory duties as listed in Texas Finance Code § 392.202 *et seq*.

16. The statute of limitation for exercising rights under the real property lien claimed here **expired March 23, 2016** pursuant to Texas Civil Practices and Remedies Code § 16.035(b).

17. In July 2016 Nationstar Mortgage, LLC presented a package for a Mortgage Modification Program. On August 18, 2016, Plaintiffs submitted their application. On August 20, 2016, Nationstar sent a letter stating the evaluation period could take up to 30 days. On September 2, 2016 Nationstar sent their package approving Plaintiffs for a Modification. If Plaintiffs were to accept, they needed to call or write to Nationstar indicating intention to accept offer and make their initial Trial period payment. On September 13, 2016, counsel for The Tielkes requested a declaration of the loan balance upon completion of trial payments. Nationstar never responded to counsel either by phone or letter. On November 15, 2016 Nationstar sent a letter declining the loan modification. On November 23, 2016, counsel for Plaintiffs requested more information on reinstating the loan. Nationstar did not respond.

18. None of the Defendants took any statutorily permitted steps to exercise post-default rights pursuant to the home equity loan in question until June 28, 2017. None of the Defendants gave any notice or took any action which could be construed as an abandonment of the acceleration of the note before the limitation period ended.

## Count One - Bank of New York

19. Plaintiff re-alleges the preceding paragraphs.

20. Defendant, BANK OF NEW YORK, filed a Rule 736 Application for Expedited

Foreclosure when its right to do so had expired under the terms of Tielkes' Home Equity Note.

### Count Two - Bank of New York

21. Plaintiff re-alleges the preceding paragraphs.

22. Defendant, BANK OF NEW YORK, used deceptive means to collect the alleged debt in violation of Texas Finance Code § 392.304(a)(8). Defendant's acts and omissions were the proximate cause of Plaintiffs' injuries.

### Count Three - Bank of New York

23. Plaintiff re-alleges the preceding paragraphs.

24. Defendant, BANK OF NEW YORK, used third party debt collectors, Nationstar and BDFT&E, known to violate Texas Debt Collection Act in violation of the Texas Finance Code § 392.306. Defendant's acts and omissions were the proximate cause of Plaintiffs' injuries.

### Count Four - BDFT&E

25. Plaintiffs re-allege the preceding paragraphs.

26. Plaintiffs complain of Defendant, BDFT&E for taking non-judicial action to effect dispossession of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest in violation of Fair Debt Collection Practices Act. 15 U.S.C. § 1692g(6)(A). Said conduct was a direct and proximate cause of damage to Plaintiffs.

### Count Five - NATIONSTAR

27. Plaintiffs re-allege the preceding paragraphs.

28. Plaintiffs complain of Defendant, Nationstar, for improperly reporting the amount due because of Nationstar's failure to apply payments made by her and reporting an improperly inflated balance of $90,208.00 on Melissa Ann's Equifax credit report dated March 8, 2016, April 25,

2016, and June 6, 2016 in violation of Texas Finance Code § 392.303(a)(2). Said conduct was a direct and proximate cause of damage to Plaintiffs.

### Count Six - NATIONSTAR

29. Plaintiffs re-allege the preceding paragraphs.

30. Nationstar reported inaccurately that Foreclosure Process Started when in fact it had not on Melissa Ann's Equifax credit report dated April 25, 2016 and June 6, 2016 in violation of Texas Finance Code § 392.202, *et seq*. Said conduct was a direct and proximate cause of damage to Plaintiffs.

### Count Seven - NATIONSTAR

31. Plaintiffs re-allege the preceding paragraphs.

32. Nationstar also began reporting erroneously and negatively on Melissa Ann's Equifax credit report dated June 6, 2016 that the account's high credit has increased to $100,800.00 when in previous months had remained at its inflated balance of $90,208.00 in violation of Texas Finance Code § 392.303(a)(2). Said conduct was a direct and proximate cause of damage to Plaintiffs.

### Count Eight - NATIONSTAR

33. Plaintiffs re-allege the preceding paragraphs.

34. Plaintiffs complain of Defendant, Nationstar, for improperly reporting the amount due because of Nationstar's failure to apply payments made by her and reporting an improperly inflated balance of $90,208.00 on Melissa Ann's Transunion credit report dated March 8, 2016, April 25, 2016, and June 6, 2016 in violation of Texas Finance Code § 392.303(a)(2). Said conduct was a direct and proximate cause of damage to Plaintiffs.

### Count Nine - NATIONSTAR

35. Plaintiffs re-allege the preceding paragraphs.

36. Nationstar reported inaccurately that Foreclosure Process Started when in fact it had not on Melissa Ann's Transunion credit report dated April 25, 2016 and June 6, 2016 in violation of Texas Finance Code § 392.202, *et seq*. Said conduct was a direct and proximate cause of damage to Plaintiffs.

### Count Ten - NATIONSTAR

37. Plaintiffs re-allege the preceding paragraphs.

38. Nationstar also began reporting erroneously and negatively on Melissa Ann's Transunion credit report dated June 6, 2016 that the account's high credit has increased to $100,800.00 when in previous months had remained at its inflated balance of $90,208.00 in violation of Texas Finance Code § 392.303(a)(2). Said conduct was a direct and proximate cause of damage to Plaintiffs.

### Count Eleven - NATIONSTAR

39. Plaintiffs re-allege the preceding paragraphs.

40. Plaintiffs complain of Defendant, Nationstar, for improperly reporting the amount due because of Nationstar's failure to apply payments made by her and reporting an improperly inflated balance of $90,208.00 on Timothy's Equifax credit report dated March 8, 2016, April 25, 2016, and June 6, 2016 in violation of Texas Finance Code § 392.303(a)(2). Said conduct was a direct and proximate cause of damage to Plaintiffs.

### Count Twelve - NATIONSTAR

41. Plaintiffs re-allege the preceding paragraphs.

42. Nationstar reported inaccurately that Foreclosure Process Started when in fact it had not on Timothy's Equifax credit report dated April 25, 2016 and June 6, 2016 in violation of Texas Finance Code § 392.202, *et seq*. Said conduct was a direct and proximate cause of damage to Plaintiffs.

**Count Thirteen - NATIONSTAR**

43. Plaintiffs re-allege the preceding paragraphs.

44. Nationstar also began reporting erroneously and negatively on Timothy's Equifax credit report dated June 6, 2016 that the account's high credit has increased to $100,800.00 when in previous months had remained at its inflated balance of $90,208.00 in violation of Texas Finance Code § 392.303(a)(2). Said conduct was a direct and proximate cause of damage to Plaintiffs.

**Count Fourteen - NATIONSTAR**

45. Plaintiffs re-allege the preceding paragraphs.

46. Plaintiffs complain of Defendant, Nationstar, for improperly reporting the amount due because of Nationstar's failure to apply payments made by her and reporting an improperly inflated balance of $90,208.00 on Timothy's Transunion credit report dated March 8, 2016, April 25, 2016, and June 6, 2016 in violation of Texas Finance Code § 392.303(a)(2). Said conduct was a direct and proximate cause of damage to Plaintiffs.

**Count Fifteen - NATIONSTAR**

47. Plaintiffs re-allege the preceding paragraphs.

48. Nationstar reported inaccurately that Foreclosure Process Started when in fact it had not on Timothy's Transunion credit report dated April 25, 2016 and June 6, 2016 in violation of Texas Finance Code § 392.202, *et seq*. Said conduct was a direct and proximate cause of damage to Plaintiffs.

**Count Sixteen - NATIONSTAR**

49. Plaintiffs re-allege the preceding paragraphs.

50. Nationstar also began reporting erroneously and negatively on Timothy's Transunion credit report dated June 6, 2016 that the account's high credit has increased to $100,800.00 when

in previous months had remained at its inflated balance of $90,208.00 in violation of Texas Finance Code § 392.303(a)(2). Said conduct was a direct and proximate cause of damage to Plaintiffs.

## Request for Declaratory Relief

51. Plaintiffs re-allege the preceding paragraphs.

52. Plaintiffs seek a declaration that title to mortgaged property identified as SETTLERS GROVE SEC 1, BLOCK 6, LOT 14, Fort Bend County, Texas and more commonly known as 3919 Flintrock Court, Sugar Land, Texas 77479, belongs to Plaintiffs free and clear of any claims by CWABS, Inc., Asset-Backed Certificates, Series 2003-3 or its Trustee Defendant, Bank of New York.

## Damages

53. As a direct and proximate result of Defendant, Bank of New York's conduct, Plaintiffs seek the following damages:

    a. statutory damages in the amount of $1,100.00;

    b. actual damages in the amount of $200,000.00

    c. mental anguish in the amount of $10,000.00;

    d. reasonable and necessary attorney fees in the amount of $ 10,000.00;

    e. costs of court, legal expense, pre- and post-judgment interest.

54. As a direct and proximate result of Defendant, BDFT&E's conduct, Plaintiffs seek the following damages:

    a. statutory damages in the amount of $1,000.00;

    b. actual damages in the amount of $5,000.00

    c. mental anguish in the amount of $10,000.00;

    d. reasonable and necessary attorney fees in the amount of $5,000.00;

  e.  costs of court, legal expense, pre- and post-judgment interest.

55. As a direct and proximate result of Defendant, Nationstar's conduct, Plaintiffs seek the following damages:

  a.  statutory damages in the amount of $1,000.00;

  b.  actual damages in the amount of $20,000.00

  c.  mental anguish in the amount of $50,000.00;

  d.  reasonable and necessary attorney fees in the amount of $ 50,000;

  e.  costs of court, legal expense, pre- and post-judgment interest.

### Prayer

56. For these reasons, Plaintiffs respectfully asks the Court to enter Judgment against Defendant, Bank of New York for the following elements of damage:

  a.  statutory damages in the amount of $1,100.00;

  b.  actual damages in the amount of $200,000.00

  c.  mental anguish in the amount of $10,000.00;

  d.  reasonable and necessary attorney fees in the amount of $ 10,000.00;

  e.  costs of court, legal expense, pre- and post-judgment interest.

57. As a direct and proximate result of Defendant, BDFT&E's conduct, Plaintiffs seek the following damages:

  a.  statutory damages in the amount of $1,000.00;

  b.  actual damages in the amount of $5,000.00

  c.  mental anguish in the amount of $10,000.00;

  d.  reasonable and necessary attorney fees in the amount of $5,000.00;

  e.  costs of court, legal expense, pre- and post-judgment interest.

58. As a direct and proximate result of Defendant, Nationstar's conduct, Plaintiffs seek the following damages:

    a.      statutory damages in the amount of $1,000.00;

    b.      actual damages in the amount of $20,000.00

    c.      mental anguish in the amount of $50,000.00;

    d.      reasonable and necessary attorney fees in the amount of $ 50,000;

    e.      costs of court, legal expense, pre- and post-judgment interest.

Respectfully submitted,
THE TREVIÑO LAW FIRM

By:_____ /s/ Lu Ann Treviño _____
Lu Ann Treviño
Texas Bar No. 24008180
Federal Id. No. 26070
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
(713) 341-7550 - Telephone
(888) 896-2102 - Fax
latrevino@trevino-law.com
**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been filed electronically on this 15th day of March 2018.

____/s/ Lu Ann Treviño_____
Lu Ann Treviño

Mark D. Hopkins
Shelley L. Hopkins
Hopkins Law, PLLC
3809 Juniper Trace, Suite 101
Austin, TX 78738
**ATTORNEYS FOR DEFENDANT, BDFTE, LLP**

11

Leslie P. Fisher
McGuireWoods LLP
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
**ATTORNEY FOR DEFENDANT, NATIONSTAR MORTGAGE, LLC AND THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2003-3**